## Case No. 6,189.

### In re HASBROUCK.

[1 Ben. 402;[1] 1 N. B. R. 75; Bankr. Reg. Supp. 17; 6 Int. Rev. Rec. 115.]

District Court, S. D. New York. Sept. 14, 1867.

#### SURRENDER OF BANKRUPT'S ESTATE.

On the adjudication of bankruptcy, the register is authorized and required to receive the surrender of the bankrupt's estate, and to keep the property safely, until it can be turned·over to the assignee.

[Cited in Re Bogert, Case No. 1,599; Re Carow, Id. 2,426; Re Brinkman, Id. 1,884.]
[Cited in Williams v. Merritt, 103 Mass. 187; McGready v. Harris, 54 Mo. 139.]

In this case, on the appearance of the bankrupt [Abraham E. Hasbrouck] before the register to whom the case was referred, he requested the register to take possession of his property, consisting of a store of goods at Lloyd, in Ulster county, set forth in the bankrupt's schedules as of the value of $3,-336.08. The register declined to comply with the request of the bankrupt until he should be advised by the court of his duty to do so. The register stated to the court that the bankrupt's request was based upon the following words, contained in section 4 of the act [of 1867 (14 Stat. 519)]: "To receive the surrender of any bankrupt;" that there is nothing else in the act of that tenor, nor are there in it any provisions for the execution of such a trust by the register; that, by rule 13 of the "General Orders in Bankruptcy," the marshal is authorized to take possession of property, but the register thinks that that provision applies only to cases of involuntary bankruptcy; and that, as the property is or ought to be in the custody of the court from and after the adjudication of bankruptcy, it was important to know who is to be responsible for it.

BLATCHFORD, District Judge (after stating the facts as above). In a case of voluntary bankruptcy, the debtor is required, by section 11 of the act, to state in his petition "his willingness to surrender all his estate and effects for the benefit of his creditors." By section 4 of the act, the register has the power, and it is made his duty, to "receive the surrender" of the bankrupt, and "to grant protection." These are all the provisions there are in the act in regard to surrender or protection. Form No. 1 contains an averment that the debtor "is willing to surrender all his estate and effects for the benefit of his creditors." Rule 5 of the "General Orders in Bankruptcy" provides, that a register may conduct proceedings in relation to the following matters, among others, when uncontested, namely, "receiving the surrender of a bankrupt," and "granting protection thereon." In the present case, the bankrupt's petition was referred to the register by form No. 4. The register does not state whether he has made an adjudication of bankruptcy according to form No. 5, and issued a warrant according to form No. 6, but I assume that he has done so. There is nothing in such warrant authorizing the marshal to take possession of the property of the bankrupt, nor is there any provision in the act authorizing or requiring the marshal to take possession of the property of a voluntary bankrupt. After the warrant, form No. 6, is issued, notices of a meeting of creditors are to be given, which meeting may, under section 11 of the act, be held at as late a period as ninety days after the adjudication of bankruptcy and the issuing of the warrant. At such meeting an assignee is to be elected or appointed. The assignee has five days in which to accept the trust, and, as soon as he is appointed and qualified, an assignment of the bankrupt's estate is to be made to him by the judge or the register; and section 14

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

provides, that "such assignment shall relate back to the commencement of said proceedings in bankruptcy, and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee." It results, from these provisions, that, during the interval between the adjudication of bankruptcy, in the case of a voluntary bankrupt, and the delivery of the assignment to the assignee, and which interval may be as much as ninety-five days, or even more, the property of the bankrupt cannot, under the act, be put into the possession or custody of the court, or of any officer acting under the bankruptcy act, but must remain in the possession and control of the bankrupt, unless it can, during that interval, be kept in the temporary custody of the register, to be handed over by him to the assignee, when elected or appointed. And there seems to be no scope for the operation of the provision in regard to the surrender of a bankrupt, unless it is construed to mean, that a voluntary bankrupt may place his estate in the possession of the register, as soon as he is adjudicated a bankrupt.

In the case of an involuntary bankrupt, section 42 of the act requires that the warrant, to be issued to the marshal as soon as the debtor is adjudged to be a bankrupt, shall direct the marshal to take possession of the estate of the debtor, and form No. 59 contains such a direction. The provision of rule 13 of the "General Orders in Bankruptcy," which says, that "it shall be the duty of the marshal, as messenger, to take possession of the property of the bankrupt, and to prepare, within three days from the time of taking such possession, a complete inventory of all the property, and to return it as soon as completed," applies only to a case where a warrant is issued to the marshal to seize the property, and, therefore, not to a case of voluntary bankruptcy. In analogy to this taking possession by the court of the estate of a bankrupt, in a case of involuntary bankruptcy, as soon as an adjudication of bankruptcy is made, the act contemplates that a voluntary bankrupt, who states, in his petition, his willingness to surrender all his estate and effects for the benefit of his creditors, may, as soon as he is adjudged to be a bankrupt, surrender his property into the hands of the court, by surrendering it to the register who has made the adjudication of bankruptcy.

I am, therefore, of the opinion, that if the debtor, in this case, has been adjudged a bankrupt, and requests the register to receive a surrender of his property, the register is authorized and required to receive such surrender, and to keep the property safely, until it can be turned over to the assignee. It is true that the act contains no special provisions for the execution of the trust, but the power of the court extends, by section 1 of the act, "to all acts, matters, and things to be done under and in virtue of the bankruptcy," and the register exercises the power of the court in regard to the property. The clerk will certify this decision to the register, Theodore B. Gates, Esq.